The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AL M. TALAGA,<br><br>Defendant. | NO. CR20-163-JLR<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Catherine L. Crisham, Assistant United States Attorney for said District, Defendant Al M. Talaga and Defendant's attorney, Mohammad Hamoudi, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charge contained in the Indictment: Felon in Possession of a Firearm, as charged in Count One of the Indictment, in violation of Title 18, United States Code, Section 922(g)(1).

Plea Agreement - 1
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of the offense of Felon in Possession of a Firearm, as charged in Count One of the Indictment, are as follows:

<u>First</u>, that Defendant knowingly possessed a firearm;

<u>Second</u>, that the firearm had been shipped or transported from one state to another or from a foreign nation to the United States;

<u>Third</u>, that at the time Defendant possessed the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

<u>Fourth</u>, that at the time Defendant possessed the firearm, he knew he was prohibited from possessing firearms as a result of his felony conviction.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of Felon in Possession of a Firearm, as charged in Count One of the Indictment, are as follows: 1) a term of imprisonment of up to ten years; 2) a fine of up to $250,000; 3) a period of supervision following release from prison of up to three years; and 4) a $100.00 special assessment. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 2
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences**.  Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status.  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

Plea Agreement - 3
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 4
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses.

a. On June 1, 2020, at approximately 6:44 p.m., several Seattle Police Department (SPD) officers responded to a report of a burglary in progress at the Sneaker City store, located at 110 Pike Street in Seattle, Washington. Sneaker City is an independently owned store featuring shoes and other footwear. The store has been closed to the public since March, with boarded up windows and entrances, due to the COVID-19 epidemic.

b. As investigating officers arrived at the scene, they observed several individuals exiting the store through a broken alley window from which the exterior wood cover had been removed. SPD officers attempted to detain these individuals, but several of them ran away when ordered by officers to stop.

c. While on scene, investigating officers spoke to a witness who stated that he had seen individuals bring several loads of stolen property from Sneaker City and load them into a dark colored Dodge Magnum, bearing Washington license plate AHG3684, that was parked in the lot. Law enforcement subsequently ran a search of the vehicle and learned that it was registered to the Defendant. After doing a brief visual security check of the inside of the vehicle, a SPD officer saw several items of what appeared to be new merchandise of the type that one would find in a shoe store, including

Plea Agreement - 5
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

socks and shoes, as well as a black handgun in the driver's side door panel. The officer then closed the door and secured the vehicle at the scene and subsequently applied for a search warrant to recover any stolen and/or illegal items from the vehicle.

      d.      On June 4, 2020, law enforcement officers obtained and served a search warrant on the Defendant's vehicle. During the search of the vehicle, officers recovered a loaded Glock Model 22 .40 caliber pistol, bearing serial number BCKX120, from the driver's side door panel. Officers also located a FNP Model 40 .40 caliber pistol, bearing SN 61CMR09373, underneath the floor mat, on the front passenger side. The FNP pistol was loaded with eleven bullets, including a round in the firing chamber. A law enforcement database check verified that the FNP Model 40 pistol had been reported as being stolen in 2019 from a residence in Tacoma during a home invasion robbery.

      e.      During the search of Dodge Magnum law enforcement also located a black bag in the back seat that contained seven new pairs of Air Jordan shoes in original packaging; two new ball caps; six individually packaged pairs of "Seattle" socks with the image of Seattle downtown skyline; two packs of Nike socks, and a pair of black Adidas shoes. An employee of Sneaker City later confirmed the above-delineated apparel items had been from Sneaker City. Law enforcement also located a new cell phone, still in its box, inside the black bag.

      f.      During the search of Dodge Magnum, law enforcement also located three prescription bottles of Adderall. Each bottle contained approximately 20 pills and had different strengths (10, 20, and 30 mg.). Law enforcement did not observe labels or names; however, the bottles had handwritten numbers on them, consistent with maintaining an inventory. Two of the bottles were located in the driver's door panel (same location as Glock Model 22 pistol), and one bottle was in the passenger side door panel.

      g.      The Defendant acknowledges that he possessed both the Glock Model 22 .40 caliber pistol, bearing serial number BCKX120, and the FNP Model 40 .40 caliber pistol, bearing SN 61CMR09373, that were recovered from his vehicle. The Defendant further acknowledges that he has prior felony convictions, including a 2005 conviction for *Robbery in the Second Degree*, in cause number 05-C-09559-4, in the Superior Court of King County, for which he was sentenced to 366 days. As a result of this conviction, the Defendant is prohibited from possessing firearms. Furthermore, at the time the Defendant possessed the firearm, he knew he was prohibited from possessing firearms as a result of his felony conviction.

      h.      An ATF special agent who is an expert at conducting interstate nexus reviews, has determined that the Glock Model 22 .40 caliber pistol, bearing serial number BCKX120, and the FNP Model 40 .40 caliber pistol, bearing SN 61CMR09373,

Plea Agreement - 6
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

were manufactured outside of the State of Washington, and therefore had traveled in interstate and/or foreign commerce.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. A base offense level of 14, pursuant to USSG Section 2K2.1(a)(6);

    b. A two-level enhancement, pursuant to USSG Section 2(b)(4), because the FNP Model 40 .40 caliber pistol, bearing SN 61CMR09373, was stolen.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Specifically, the government reserves the right to advocate at sentencing for the application of a four-level enhancement, pursuant to USSG Section 2K2.1(b)(6)(B), because the Defendant possessed the firearm in connection with another felony offense, to wit, Burglary, in violation of RCW 9A.52.030. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of

Plea Agreement - 7
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Agreed Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree that the United States will recommend a sentence at the low end within the applicable advisory Sentencing Guidelines, as calculated by the Court at the time of sentencing. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Forfeiture**. The Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. The Defendant agrees to forfeit to the United States immediately his right, title, and interest all firearms and associated ammunition involved in his commission of Felon in Possession of a Firearm. All such firearms and ammunition are forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and include but are not limited to:

   a.   the Glock Model 22 .40 caliber pistol, bearing serial number BCKX120, and any associated ammunition, seized from the Defendant's vehicle on Jun3 4, 2020; and,

   b.   the FNP Model 40 .40 caliber pistol, bearing serial number 61CMR09373, and any associated ammunition, seized from the Defendant's vehicle on Jun3 4, 2020.

The Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to

Plea Agreement - 8
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated. The Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining firearms and associated ammunition not identified in this Plea Agreement, if they were involved in the Defendant's commission of Felon in Possession of a Firearm.

13. **Abandonment of Contraband**. The Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in his direct or indirect control, he consents to the federal administrative disposition, official use, and/or destruction of that contraband. The Defendant also abandons any interest he may have in the stolen apparel that was recovered from his vehicle on June 4, 2020 and consents to its federal administrative disposition.

14. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United

Plea Agreement - 9
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

Plea Agreement - 10
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

Plea Agreement - 11
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 7th day of May, 2021.

s/ *Mohammad Hamoudi*, signed on behalf of Mr. Talaga
AL M. TALAGA
Defendant

s/ *Mohammad Hamoudi*
MOHAMMAD HAMOUDI
Attorney for Defendant

s/*Todd L. Greenberg*
TODD L. GREENBERG
Assistant United States Attorney

s/ *Catherine L. Crisham*
CATHERINE L. CRISHAM
Assistant United States Attorney

Plea Agreement - 12
*United States v. Talaga*, CR20-163-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970